**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Christopher HOLLEY, also known**
**as Christopher Caruthers,**
**Defendant-Appellant**

No. 16-50520
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed May 2, 2017

Joseph H. Gay, Jr., Assistant U.S. Attorney, Elizabeth Berenguer, Assistant

U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for

Laura G. Greenberg, Assistant Federal Public Defender, Judy Fulmer Madewell, Assistant Federal Public Defender, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant-Appellant

Before SMITH, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Christopher Holley appeals the consecutive 120-month sentences imposed following his guilty plea to two counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report (PSR) recommended enhancements under the advisory Sentencing Guidelines for, *inter alia*, Holley's prior Texas attempted-murder conviction as a crime of violence under Guideline § 4B1.2(a)(2). At sentencing, Holley asserted his attempted-murder conviction did not constitute a crime of violence and the Guideline was unconstitutionally vague. Over his objection, the court adopted the PSR's recommendation.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.*

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

at 51, 128 S.Ct. 586; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

On appeal, Holley claims the residual clause of Guideline § 4B1.2(a)(2) is unconstitutionally vague in the light of *Johnson v. United States*, ── U.S. ──, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). After Holley's brief was filed here, however, the Supreme Court foreclosed this issue, holding "the Guidelines are not amenable to a vagueness challenge". *Beckles v. United States*, ── U.S. ──, 137 S.Ct. 886, 894, 197 L.Ed.2d 145 (2017).

AFFIRMED.